UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAROLD PADDYAKER, | ) |
| Plaintiff, | ) Case No. C06-0103-JCC-JPD |
| v. | ) |
| DIANE DOE, *Kitchen Supervisor, Monroe Correctional Complex*, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

## I.  BACKGROUND

Plaintiff is an inmate at the Stafford Creek Corrections Center in Aberdeen, Washington, who is proceeding pro se in his attempt to bring a 42 U.S.C. § 1983 civil-rights claim against an employee of the Monroe Correctional Complex (the "Prison"). While working in the Prison's kitchen in 2003, plaintiff alleges that he requested work boots, but was informed that the kitchen supervisor, Diane "Doe," would not provide them. Dkt. No. 1, Complaint at 3. According to the complaint, plaintiff subsequently slipped in the kitchen and injured his back. *Id.* Plaintiff appears to allege Ms. Doe is liable for his injuries. For the reasons discussed below, the Court recommends that the complaint be dismissed.

## II.  ANALYSIS

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and

REPORT AND RECOMMENDATION
PAGE -1

that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991); *see also WMX Technologies, Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). Respondeat superior liability will not support § 1983 liability unless plaintiff demonstrates that a supervisor participated in the violations, directed the violations, or knew about the violations and did nothing to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (internal citation omitted); *see also Mabe v. San Bernardino County Dep't of Pub. Soc. Serv.*, 237 F.3d 1101, 1109 (9th Cir. 2001).

Although the Court is sympathetic to the injuries plaintiff may have sustained, this complaint fails to allege that Ms. Doe personally participated in violating any of plaintiff's constitutional rights. Rather, it appears to suggest that she is responsible for plaintiff's injuries by virtue of the fact that she was the kitchen supervisor at the time of the alleged injury. Even if the complaint were construed to allege adequately respondeat superior liability, it has articulated no constitutional violation. Allegations of mere negligence do not state a violation of 42 U.S.C. § 1983. *See Stevens v. Koskey,* 877 F.2d 1435, 1440-41 (9th Cir. 1989) ("[a]llowing mere negligence to sustain a due process claim under section 1983 would trivialize the fourteenth amendment"); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (noting that in the context of medical care, allegations of "mere malpractice, or even gross negligence, do[ ] not suffice"). Because the above-described deficiency cannot be corrected by amendment, the Court recommends that the complaint be dismissed. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. CONCLUSION

The Court recommends that plaintiff's complaint be dismissed for failure to allege adequately a violation of a constitutional right. The Court further recommends that plaintiff's application to proceed in forma pauperis be denied as moot. A proposed order accompanies this Report and Recommendation.

01        DATED this 30th day of January, 2006.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3