UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAROLD PADDYAKER,

    Plaintiff,

  v.

DIANE DOE, Kitchen Supervisor, Monroe Correctional Complex,

    Defendant.

CASE NO. C06-0103-JCC-JPD

ORDER

This matter comes before the Court on Plaintiff's proposed 42 U.S.C. § 1983 complaint (Dkt. No. 1), the Report and Recommendation of the Honorable Judge James P. Donohue, United States Magistrate Judge ("R&R") (Dkt. No. 3), and Plaintiff's objections to the R&R (Dkt. No. 5). Having reviewed the record, and having determined that oral argument is not necessary, the Court hereby finds and rules as follows:

Plaintiff, an inmate at the Stafford Creek Corrections Center in Aberdeen, is proceeding *pro se* in this proposed 42 U.S.C. § 1983 action against an unidentified employee of the Monroe Correctional Complex. Plaintiff alleges that while he was working in the Correctional Complex's kitchen, he observed several falling hazards, including water and food on the kitchen floor. Plaintiff further alleges that, although he requested work boots because of these hazards, his request was denied by kitchen supervisor Diane "Doe," and that as a result of this denial he slipped in the kitchen and injured his lower back.

ORDER – 1

1   The Court finds that Plaintiff's objections do not raise any issues that were not properly addressed by Magistrate Judge Donohue. Aside from a new request for court-appointed counsel, Plaintiff's objections merely restate the allegations in his proposed § 1983 complaint—that the Correctional Complex's kitchen supervisor was negligent for failing to provide work boots for Plaintiff. As a matter of law, however, simple negligence is not actionable under § 1983. *Buckley v. County of Los Angeles*, 968 F.2d 791 (9th Cir. 1992); *see also Daniels v. Williams*, 474 U.S. 327, 333 (1986) (holding that negligent conduct does not give rise to a due process deprivation); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (holding that due process is not implicated by the lack of care of an official causing unintended injury). Accordingly, the Court finds that the R&R is supported by the record and by proper analysis.

For these reasons, the Court does hereby find and ORDER:

(1) The Court DENIES Plaintiff's objections;

(2) The Court ADOPTS the Report and Recommendation;

(3) Plaintiff's proposed 42 U.S.C. § 1983 complaint is DISMISSED with prejudice;

(4) Plaintiff's request for court-appointed counsel and his application to proceed *in forma pauperis* are DENIED as moot;

(5) The Clerk is DIRECTED to send copies of this Order to Plaintiff, and to the Honorable James P. Donohue.

SO ORDERED this 3rd day of March, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 2